Canova v. Colby and Gould—Syllabus.

PAUL B. CANOVA, APPELLANT, VS. COLBY AND GOULD, AP-
PELLEES.

1. The trial of the issues of fact upon the traverse of the affidavit upon which a writ of attachment was issued, if a jury be demanded, must be had in the county where the suit is pending.

2. *Semble:* That the affirmative of the issues of fact upon such traverse is with the plaintiff; he must prove the truth of the allegation in the affidavit to the satisfaction of the court or jury, in order to sustain his writ.

Appeal from the Circuit Court for Baker county.
The facts of the case are stated in the opinion of the court.

*A. A. Knight* for Appellant.

*E. M. Thompson* for Appellees.

THE CHIEF JUSTICE delivered the opinion of the court.

Appellant commenced his suit in the Circuit Court for Baker county by writ of attachment. Defendants traversed the allegations in the affidavit upon which the attachment issued, denying the special causes alleged, and brought his motion to dissolve the attachment before the Judge while the Circuit Court was in session in Duval county. The court ordered that the issues of fact be tried by a jury, and empanelled a jury in Duval county, during the term in Duval county, who heard the proofs of the parties and rendered a verdict in favor of defendants, whereupon the Judge rendered his judgment upon said verdict dissolving the attachment and dismissing the suit. He then directed the Clerk of Duval county to certify the proceedings had before the court and jury in Duval, together with all the papers filed in Duval county relating to the case, and transmit them to the Clerk of Baker county ; and " that the judgment rendered in the said cause in Duval county on the 23d day of January, A. D. 1877, be entered by the said Clerk in the records of Baker county." Whereupon the judgment was entered of record in Baker county dismissing the suit.

The appellant, before the proceedings had by the court and jury in Duval county, objected to the trial being had in that county, and duly excepted thereto. After the verdict, he also moved to set aside the verdict and for a new trial, which were refused.

This appeal is from the judgment entered in the Circuit Court in Baker county.

The only question necessarily presented is, whether the issue was properly tried before a jury in Duval, the cause having been commenced in Baker, and the venue being there at the time of the trial.

The statute (Thomp. Dig., 369,) says that " the courts respectively to which such attachments are returnable shall

be always open for the purpose of hearing and deciding motions for dissolving such attachments, and in any such case, upon oath made and tendered to the court that the allegations in the plaintiff's affidavit are untrue," as to the causes alleged, "it shall be the duty of the court to hear evidence upon the issue so presented, and if, in the opinion of the court the allegations in the plaintiff's affidavit are not sustained and proved to be true, the attachment shall be dissolved," and if the attachment be dissolved before plea, the suit shall abate and be dismissed. Either party may demand a jury upon the issue of fact.

The law relating to the commencement of suits, (Thomp. Dig., 326,) requires that the summons shall be made returnable to the court having jurisdiction in the county in which the defendant reside or the cause of action accrued, and the cause shall not be tried in any other county unless the venue be changed according to law. There is no statutory authority for trying any cause at law by a jury in any other county than that in which the venue is laid; juries are summoned to serve in the court held for the county, and not to try causes pending in other counties. Every suitor has the right to demand that his cause be tried in the county where it is pending, and may well protest against being compelled to follow the opposing party to any county in the circuit, and be subjected to the expense of transporting witnesses and paying charges for subsistence for himself and witnesses at the pleasure of his opponent. He may protest that such practice is in violation of one of the most valuable rights secured by *magna charta*. "With regard to the administration of justice, besides prohibiting all denials and delays of it, it fixed the Court of Common Pleas at Westminister, that the suitors might no longer be harrassed with following the King's person in all his progress, and at the same time brought the trial of issues home to the very doors of the freeholders, by directing assizes to be taken in the proper

counties and establishing annual circuits." 4 Black. Com., 424.

The provision of the statute that the court shall be always open for the hearing of motions for dissolving attachments, does not imply that the cause or any issue arising in it may be tried by a jury of any other county than that in which the law directs the cause to be tried. The party is entitled to a jury contemplated by the law fixing the venue; a jury of the vicinage and not a jury of strangers.

There is no provision of law by which the proceedings had in the Circuit Court of Duval may be incorporated into and made a record of the court in Baker county. The verdict of a jury empanelled in one county, upon which a judgment is to be entered in another county, is an anomaly in judicial proceedings and unauthorized by any law of the State. It is an error for which the judgment will be reversed on error or appeal, though the judgment, until reversed, will be effective, as the erroneous proceeding does not affect the jurisdiction of the court rendering the judgment.

The statute seems to contemplate that in such issues the defendant in attachment shall have a speedy trial, and by a jury, if either party desires it; but unless the Judge shall go to the county where the venue is laid, it is difficult to find any means of obtaining a jury. There is no question that the Judge may hear and decide the motion at any time or place in his circuit, if no jury is required.

A further question is made that the court erred in requiring the plaintiff to maintain the allegation made in the affidavit upon which the writ was issued by proofs, the appellant insisting that the affirmative of the issue, upon the defendants' traverse, was with the defendants. As the present case is disposed of by our conclusions upon the other question, it is unnecessary to consider this ground of error at length. The statute says that "if in the opinion of the

court the allegations in the plaintiff's affidavit are not sustained and *proved to be true*, the said attachment shall be dissolved." The court is "to hear evidence upon the issue so presented," and make up his judgment upon it. We are strongly impressed that unless some *evidence* is presented *to sustain* the allegations in the plaintiff's affidavit, the attachment must be dissolved. This seems to require some evidence beyond the affidavit itself to sustain its allegations.

The judgment is reversed, and the proceedings had in Duval county must be set aside.